UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRI E. GILLESPIE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 19-cv-818-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the Commissioner's motion to remand this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 22). The plaintiff objects to the motion, citing the long and tortuous history of this case and asking instead for a direct award of benefits (Doc. 23). The Court held a telephone motion hearing on August 11, 2020.

    Under sentence four, the Court can affirm, modify or reverse the Commissioner's decision with or without remanding the case for further proceedings. *See* 42 U.S.C. § 405(g). "When an ALJ's decision is not supported by substantial evidence, . . . a remand for further proceedings is the appropriate remedy unless the evidence before the court compels an award of benefits." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). "An award of benefits is appropriate only where all factual issues have been resolved and the 'record can yield but one supportable conclusion.'" *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)); *accord Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). A court may also directly award benefits when "the delay involved in repeated remands has become unconscionable," *Seavey v. Barnhart*, 276 F.3d 1, 13 (1st Cir. 2001), or the agency has displayed "obduracy" in complying with the law of the case, *Wilder v. Apfel*, 153 F. 3d 799, 804 (7th Cir. 1998) ("The

law of the case doctrine . . . requires the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is a compelling reason to depart."). Whether to remand for further proceedings or an award of benefits is within the Court's discretion. *Allord*, 631 F.3d at 415-16 (citing *Nelson v. Apfel*, 210 F.3d 799, 802 (7th Cir. 2000)).

The Court finds that the delay in finally resolving Gillespie's claim for social security benefits has been unconscionable. She filed her claim for benefits in June 2011. In February 2014, an ALJ denied her application, and she appealed. In March 2016, the Commissioner voluntarily requested a remand, and the Court complied. In December 2016, another ALJ again denied benefits, and again, the plaintiff appealed. The Court remanded the case for further proceedings in August 2018. The same ALJ denied the plaintiff benefits again in March 2019, and again, the plaintiff appealed, and the Commissioner asks for a voluntary remand for a new decision. In sum, the plaintiff applied for benefits more than nine years ago, and the Commissioner has not yet been able to render a proper decision that it can stand behind. This is inexcusable. The plaintiff is entitled to a decision in a reasonable amount of time, and she has not gotten one. For this reason, the Court would be justified in making a direct award of benefits.

However, the Court will exercise its discretion to give the Commissioner one more opportunity to get it right. Accordingly, the Court:

- **GRANTS** the motion to remand pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 22);

- **REVERSES** and **REMANDS** this case to the Commissioner for further proceedings and a new decision that takes appropriate care to implement the law of the case doctrine;

- **DIRECTS** the Clerk of Court to enter judgment in favor of the plaintiff; and

- **WARNS** the Commissioner that if there is no new decision within 60 days of entry of judgment in this case, the Court would entertain a motion from the plaintiff to vacate this judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).

**IT IS SO ORDERED.**
**DATED:  August 14, 2020**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**