UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRI E. GILLESPIE,

      Plaintiff,

  v.                                                        Case No. 19-cv-818-JPG

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## MEMORANDUM AND ORDER

      This matter comes before the Court on the Commissioner's motion to alter or amend the Court's order of August 14, 2020 (Doc. 28), which states that if the Commissioner does not enter a new decision within 60 days, the Court would entertain a motion from the plaintiff to vacate the judgment of remand and consider a direct award of benefits (Doc. 30).  The Commissioner objects, citing *Heckler v. Day*, 467 U.S. 104 (1984), and arguing that the Court cannot set a mandatory deadline for the Commissioner's reconsideration of the claimant's case where Congress has declined to legislate such a deadline.  The plaintiff has responded to the motion (Doc. 31).  Of note, the Commissioner's filing of the pending motion has delayed the effectiveness of the remand until resolution of the motion.

      The Commissioner's motion is under Federal Rule of Civil Procedure 59(e).  Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020).  Here, the Commissioner claims the Court has made a manifest error of law.

      The Commissioner reads more into the Court's written order than is there.  The Court

simply stated it would *entertain a motion*, which is well within the Court's power.  It did not issue an injunction of the sort in issue in *Heckler v. Day*.  If and when the plaintiff ever files a motion to vacate, the Commissioner can make his jurisdictional and substantive arguments at that time.  Until then, they are premature.

One of the Commissioner's points is valid though.  The Court has indicated it would entertain a motion to vacate 60 days after entry of judgment, the same period the Commissioner has to file a notice of appeal.  *See* Fed. R. App. P. 4(a)(1)(B).  In retrospect, the coincidence of these time periods places the Commissioner in an untenable position.  Accordingly, the Court **MODIFIES** its prior order to state that, if the Commissioner does not enter a new decision within <u>120 days of this order</u>, the Court would entertain a motion to vacate and directly award benefits.

The Court therefore **GRANTS in part** and **DENIES in part** the Commissioner's motion to alter or amend (Doc. 30) the Court's August 14, 2020, order (Doc. 28) and **MODIFIES** that order as described above.

**IT IS SO ORDERED.**
**DATED:  October 22, 2020**

                                                              s/ J. Phil Gilbert
                                                              **J. PHIL GILBERT**
                                                              **DISTRICT JUDGE**